Eric C. Weissman
Andrew L. Margulis (*Pro Hac Vice* pending)
ROPERS, MAJESKI, KOHN & BENTLEY, PC
750 Third Avenue, 25th Floor
New York, NY 10017
(212) 668-5927
Attorneys for Defendant

UNITED STATES DISTRICE COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BCB BANCORP, INC., individually, and as successor-in interest to PAMRAPO BANCORP, INC.; KENNETH D. WALTER; KENNETH POESL; ROBERT DORIA; DANIEL MASSARELLI; PATRICK CONAGHAN; HERMAN BROCKMAN; and THE ESTATE OF JOHN MORECRAFT, <br><br> Plaintiffs, <br><br> v. <br><br> PROGRESSIVE CASUALTY INSURANCE COMPANY; COLONIAL AMERICAN CASUALTY AND SURETY COMPANY; KEITH KUBE; and DAVID SHAEV PROFIT SHARING ACCOUNT F/B/O DAVID SHAEV, <br><br> Defendants. | 13-CV-01261-CCC-JAD <br><br><br><br> **ANSWER** <br><br> JURY TRIAL DEMANDED |

Defendant Colonial American Casualty and Surety Company ("Colonial"), by its undersigned counsel, as its Answer to the Complaint, states as follows:

## INTRODUCTION

1.      This paragraph contains no factual allegations to which a response is required. To the extent a response is required, Colonial denies the allegations in paragraph 1, except admits only that plaintiffs seek relief under certain insurance policies issued by certain of the defendants, including Colonial.

RC1/6862189.1/AM

## THE PARTIES

  **A.** **Plaintiffs**

  2. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 2.

  3. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 3.

  4. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 4.

  5. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 5.

  6. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 6.

  7. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 7.

  8. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 8.

  9. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 9.

  10. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 10.

  11. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 11.

**B.     Defendants**

12.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 12.

13.    Denies the allegations of paragraph 13 except admits that Colonial American Casualty & Surety Company (hereinafter "Colonial") is a Maryland corporation engaged in the insurance business with a statutory home office located at 600 Red Brook Blvd., Suite 600, Owings Mills, Maryland 21117 and its principal place of business located at 1400 American Lane, Schaumburg, Illinois 60196.

14.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 14.

15.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 15.

**JURISDICTION AND VENUE**

16.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 16, except admits that Colonial is authorized to transact business in New Jersey and has transacted business in New Jersey, and refers all questions of law to the Court.

17.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 17, except admits that Colonial is authorized to transact business in New Jersey and has transacted business in New Jersey and refers all questions of law to the Court.

**NATURE OF THE CAUSES OF ACTION**

A.    **The Pamrapo-BCB Merger and Underlying Claims**

18.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 18.

19. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 19.

20. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 20, except admits that an action entitled <u>Kube v. Massarelli, et al.</u> was filed in the New Jersey Superior Court, and Colonial refers to the pleadings in that action for the complete allegations thereof.

21. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 21, and refers to the pleadings in that action for the complete allegations thereof.

22. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 22, and refers to the pleadings in that action for the complete allegations thereof.

23. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 20, except admits that an action entitled <u>David Shaev Profit Sharing Account F/B/O David Shaev v. Massarelli, et al.</u> was filed in the New Jersey Superior Court, and Colonial refers to the complaint in that action for the complete allegations thereof.

24. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 24.

25. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 25, and refers to the pleadings in that action for the complete allegations thereof.

26. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 26, and refers to the pleadings in that action for the complete allegations thereof.

27. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 27.

28. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 28.

29. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 29.

30. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 30.

31. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 31.

32. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 32.

33. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 33, and refers to the pleadings for the complete allegations thereof.

34. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 34, and refers to the pleadings for the complete allegations thereof.

35. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 35.

36. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 36.

37. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 37.

38. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 38.

39. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 39.

40. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 40.

B. **The Insurance Policies**

I. **The Progressive Policy**

41. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 41.

42. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 42.

43. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 43.

44. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 44.

45. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 45.

46. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 46.

47. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 47.

48. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 48.

49. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 49.

50. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 50.

51. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 51.

52. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 52.

53. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 53.

54. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 54.

55. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 55.

56. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 56.

57. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 57.

58. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 58.

59. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 59.

**II.     The Colonial American Policy**

60. Admits the allegations of paragraph 60.

61. Denies the allegations of paragraph 61 and refers to the Colonial policy for the complete terms thereof.

62. Denies the allegations of paragraph 62, except admits only that the Colonial policy defines the term "Entity claim," and refers to the Colonial policy for the complete terms thereof.

63. Denies the allegations of paragraph 63, except admits only that the Colonial policy defines the term "Entity wrongful act," and refers to the Colonial policy for the complete terms thereof.

64. Denies the allegations of paragraph 64, except admits only that the Colonial policy defines the term "Loss," and refers to the Colonial policy for the complete terms thereof.

65. Denies the allegations of paragraph 65, except admits only that the Colonial policy defines the term "Defense expenses," and refers to the Colonial policy for the complete terms thereof.

66. Denies the allegations of paragraph 66, except admits only that the Colonial policy defines the term "Insured," and refers to the Colonial policy for the complete terms thereof.

67. Denies the allegations of paragraph 67, except admits only that the Colonial policy defines the term "Company," and refers to the Colonial policy for the complete terms thereof.

68. Denies the allegations of paragraph 68, and refers to the Colonial policy for the complete terms thereof.

69. Denies the allegations of paragraph 69, and refers to the Colonial policy for the complete terms thereof.

70. Denies the allegations of paragraph 70, and refers to the Colonial policy for the complete terms thereof.

71. Denies the allegations of paragraph 71, and refers to the Colonial policy for the complete terms thereof.

72. Denies the allegations of paragraph 72, except admits only that the Colonial Policy defines the term "Claim," and refers to the Colonial policy for the complete terms thereof.

73. Denies the allegations of paragraph 73, except admits that Colonial has issued to BCB a reservation of rights, and refers to that reservation of rights for the contents thereof.

74. Admits the allegations of paragraph 74.

## FIRST CAUSE OF ACTION

**(Declaratory Judgment)**
**(Pamrapo and the Individual Directors against Progressive)**

75. Colonial repeats and realleges each and every response set forth in paragraphs 1-74 as if set forth at length herein.

76. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 76.

77. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 77.

78. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 78.

79. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 79.

80. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 80.

81. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 81.

82. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 82.

**WHEREFORE**, as this cause of action does not seek any relief against Colonial, Colonial requests no relief in connection with this cause of action, but requests that the complaint be dismissed as against it, together with such other and further relief as the Court deems just and proper.

## SECOND CAUSE OF ACTION

### (Breach Of Contract)
### (Pamrapo and the Individual Directors against Progressive)

83. Colonial repeats and realleges each and every response set forth in paragraphs 1-82 as if set forth at length herein.

84. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 84.

85. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 85.

86. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 86.

87. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 87.

88. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 88.

89. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 89.

90. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 90.

91. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 91.

92. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 92.

93. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 93.

94. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 94.

95. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 95.

96. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 96.

97. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 97.

98. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 98.

**WHEREFORE**, as this cause of action does not seek any relief against Colonial, Colonial requests no relief in connection with this cause of action, but requests that the complaint be dismissed as against it, together with such other and further relief as the Court deems just and proper.

## THIRD CAUSE OF ACTION

### (Declaratory Judgment)
### (BCB and the Individual Directors against Colonial American)

99. Colonial repeats and realleges each and every response set forth in paragraphs 1-98 as if set forth at length herein.

100. Denies the allegations of paragraph 100.

101. Denies the allegations of paragraph 101 except admits only that the Underlying Claims potentially constitute an "Entity claim" as defined in the Colonial policy, and refers all questions of law to the Court.

102. Deny the allegations of paragraph 102 and refers all questions of law to the Court.

103. Deny the allegations of paragraph 103 and refers all questions of law to the Court.

104. Deny the allegations of paragraph 104 and refers all questions of law to the Court.

105. Deny the allegations of paragraph 105 and refers all questions of law to the Court.

**WHEREFORE**, Colonial respectfully demands judgment dismissing the complaint as against Colonial and declaring that Colonial has no obligation to pay "Loss" or pay any "Defense expenses" on behalf of the Individual Directors, and that plaintiffs take nothing on their claims, together with such other and further relief as the Court deems just and proper.

### FOURTH CAUSE OF ACTION

**(Breach of Contract)**
**(BCB against Colonial American)**

106.  Colonial repeats and realleges each and every response set forth in paragraphs 1-105 as if set forth at length herein.

107.  Denies the allegations of paragraph 107 except admits only that the Underlying Claims potentially constitute an "Entity claim" as defined in the Colonial policy, and refers all questions of law to the Court.

108.  Denies the allegations of paragraph 108 and refers all questions of law to the Court.

109.  Denies the allegations of paragraph 109.

110.  Denies the allegations of paragraph 110.

**WHEREFORE**, Colonial respectfully demands judgment dismissing the complaint as against Colonial and declaring that Colonial has no obligation to pay "Loss" or pay any "Defense expenses" incurred by any party other than BCB, and that plaintiffs take nothing on their claims, together with such other and further relief as the Court deems just and proper.

## FIFTH CAUSE OF ACTION

### (Breach of Contract)
### (BCB and the Individual Directors against Colonial American)

111. Colonial repeats and realleges each and every response set forth in paragraphs 1-110 as if set forth at length herein.

112. Denies the allegations of paragraph 112.

113. Denies the allegations of paragraph 113.

114. Denies the allegations of paragraph 114.

**WHEREFORE**, Colonial respectfully demands judgment dismissing the complaint as against Colonial and declaring that Colonial has no obligation to pay "Loss" or pay any "Defense expenses" on behalf of the Individual Directors, and that plaintiffs take nothing on their claims, together with such other and further relief as the Court deems just and proper.

## SIXTH CAUSE OF ACTION

### (Apportionment and Allocation)
### (Against Colonial American and Progressive)

115. Colonial repeats and realleges each and every response set forth in paragraphs 1-114 as if set forth at length herein.

116. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 116.

117. Denies the allegations of paragraph 117 and refers to the Colonial policy for the complete terms thereof, and refers all questions of law to the Court.

118. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 118, except specifically denies that any "Loss" incurred by Pamrapo and

the Individual Directors should be allocated or apportioned to the Colonial policy, and refers all questions of law to the Court.

**WHEREFORE**, Colonial respectfully demands judgment dismissing the complaint as against Colonial and declaring that Colonial has no obligation to pay "Loss" or pay any "Defense expenses" on behalf of the Individual Directors or by any party other than BCB, and that plaintiffs take nothing on their claims, together with such other and further relief as the Court deems just and proper

### FIRST AFFIRMATIVE DEFENSE

The complaint fails to state facts sufficient to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The underlying claims made against the Individual Directors are not within the scope of coverage under the Colonial policy.

### THIRD AFFIRMATIVE DEFENSE

The amounts sought by plaintiffs are not within the scope of coverage under the Colonial policy and are not the responsibility of Colonial.

Dated: March 18, 2013	Respectfully submitted,

                By: /s/ Eric C. Weissman
                    Eric C. Weissman
                    Andrew L. Margulis (*Pro Hac Vice* forthcoming)
                    ROPERS, MAJESKI, KOHN & BENTLEY, P.C.
                    750 Third Avenue, 25th Floor
                    New York, NY 10017
                    (212) 668-5927
                    eweissman@rmkb.com
                    amargulis@rmkb.com

                    Attorneys for Defendant
                    COLONIAL AMERICAN CASUALTY AND SURETY COMPANY