**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BCB BANCORP, INC., individually, as as successor-in-interest to PAMRAPO BANCORP, INC.; KENNETH D. WALTER; KENNETH POESL; ROBERT DORIA; DANIEL MASSARELLI; PATRICK CONAGHAN; HERMAN BROCKMAN; and THE ESTATE OF JOHN MORECRAFT, <br><br>Plaintiffs, <br><br>v. <br><br>PROGRESSIVE CASUALTY INSURANCE COMPANY; COLONIAL AMERICAN CASUALTY AND SURETY COMPANY; KEITH KUBE; and DAVID SHAEV PROFIT SHARING ACCOUNT F/B/O DAVID SHAEV, <br><br>Defendants. | Civil Action No. 2:13-1261 (CCC) (JAD) <br><br> REPORT AND RECOMMENDATION ON PLAINTIFFS' MOTION TO REMAND (ECF NO. 6) |

**JOSEPH A. DICKSON, U.S.M.J.**

This matter comes before the Court upon Plaintiffs' motion to remand this case to the Superior Court of New Jersey, Law Division, Hudson County Vicinage, pursuant to 28 U.S.C. § 1447. (ECF No. 6). The Hon. Claire C. Cecchi, U.S.D.J. referred Plaintiffs' motion to this Court for a Report and Recommendation. Pursuant to Federal Rule of Civil Procedure 78, the Court did not hear oral argument. Upon consideration of the parties' submissions, and for the reasons stated below, this Court recommends that Plaintiffs' motion be **denied**.

### I. BACKGROUND AND PROCEDURAL HISTORY

This matter is an insurance coverage dispute in which Plaintiffs seek, among other things, a declaration of the parties' respective rights and obligations under various insurance policies issued by Defendants Progressive Casualty Insurance Company ("Progressive") and Colonial American Casualty and Surety Company ("Colonial"). Specifically, Plaintiffs contend that, pursuant to those policies, Progressive and Colonial are required to provide coverage for certain liability incurred in connection with In re Pamrapo Bancorp S'holder Litig., Lead Docket No. HUD-L-3608-12, a consolidated action currently pending in the New Jersey Superior Court. (Compl., ECF No. 1-2, at 15-25). Plaintiffs also claim that Progressive and Colonial's refusal to honor that alleged coverage constitutes an actionable breach of contract. (Id.).

Plaintiffs originally filed this insurance coverage dispute in the New Jersey Superior Court. (Not. of Removal, ECF No. 1 at 1). Defendant Progressive removed the matter to the United States District Court, contending that the court had original jurisdiction over the case pursuant to 28 U.S.C. § 1332. (Id. at 2-4). Plaintiffs now request that the District Court abstain from hearing the case in accordance with the Supreme Court's decision in Brillhart v. Excess Ins. Co. of America, 316 U.S. 491 (1942), and instead remand this action to the New Jersey Superior Court. (See generally Pl. Br., ECF No. 6-1).

### II. LEGAL STANDARD – REMOVAL AND *BRILLHART ABSTENTION*

Title 28, § 1441(a) of the United States Code permits a defendant to remove a civil matter in state court to a federal court where the action could have been filed originally; that is, where the federal court has subject matter jurisdiction over the action. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Section 1446 outlines the procedures for removal, and Section 1447 outlines the procedures following removal. 28 U.S.C. §§ 1446, 1447. Defects in removal may

be procedural or jurisdictional. In turn, a party's "motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). Jurisdictional defects, however, may be raised at any time. Caterpillar Inc. v. Lewis, 519 U.S. 61, 69 (1996). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

"[T]he party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007); see also Brown v. Jevic, 575 F.3d 322, 326 (3d Cir. 2009). Removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990) (citing Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir.1987)).

Defendant Progressive Insurance Company removed this action on the basis of diversity of citizenship, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441. (Not. of Removal, ECF No. 1). Plaintiffs do not claim that Progressive's removal was procedurally improper or that the United States District Court otherwise lacks jurisdiction over this case. Rather, Plaintiffs request that the Court decline to exercise jurisdiction over the matter pursuant to the abstention principles that the Supreme Court set forth in Brillhart and its progeny.

In Brillhart, the Supreme Court "emphasized that the jurisdiction conferred by the [Declaratory Judgment Act, 18 U.S.C. §2201, et seq.] was discretionary, and district courts were under no compulsion to exercise it." State Auto Ins. Co. v. Summy, 234 F.3d 131, 133 (3d Cir. 2000) (citing Brillhart, 316 U.S. at 494). Interpreting the Brillhart abstention doctrine, the

United States Court of Appeals for the Third Circuit has articulated certain "relevant considerations" that district courts should take into account when determining "whether to hear declaratory judgment actions involving insurance coverage issues":

> 1. A general policy of restraint when the same issues are pending in a state court;
>
> 2. An inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion;
>
> 3. Avoidance of duplicative litigation.

Id. at 134. The Summy court noted that "[a] federal court should also decline to exercise its discretionary jurisdiction when doing so would promote judicial economy by avoiding duplicative and piecemeal litigation", id. at 135 (internal citations omitted), and that "where the applicable state law is uncertain or undetermined, district courts should be particularly reluctant to entertain declaratory judgment actions." Id.

The parties do not dispute the general factors at issue in a Brillhart abstention analysis. (Compare ECF No. 6-1, at 8-9, with ECF No. 14 at 8-9 and ECF No. 15 at 12-13). They disagree, however, about (1) whether the Brillhart doctrine is applicable in this case; and (2) if so, whether the "relevant considerations" the Third Circuit recognized in Summy favor abstention.

### III. ANALYSIS

#### a. The Applicability of *Brillhart* Abstention

As a threshold matter, the Court must determine whether the Brillhart abstention doctrine is potentially applicable to the claims at issue in this case. On this point, Defendants contend that (1) Brillhart does not apply because Plaintiffs have not expressly asserted claims under the federal Declaratory Judgment Act, (ECF No. 14 at 6-7; ECF No. 15 at 4-6); and (2) Brillhart

4

does not apply because Plaintiffs have asserted causes of action for damages in addition to their claims for declaratory relief. (ECF No. 14 at 7-8; ECF No. 15 at 4). The Court will consider each of these arguments in turn.

### i. Plaintiffs' declaratory judgment claims fall within the ambit of the Federal Declaratory Judgment Act

Defendants contend that, because Brillhart applies exclusively to claims brought under the federal Declaratory Judgment Act, and Plaintiffs originally filed their Complaint in the New Jersey Superior Court and sought relief under the New Jersey Uniform Declaratory Judgment Act, Brillhart cannot apply. (ECF No. 14 at 6-7; ECF No. 15 at 4-5). This Court disagrees, as Defendants' argument disregards the procedural nature of declaratory judgment statutes and the operation of the Erie doctrine.

"Under the Erie doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." Gasperini v. Ctr. for Humanities, 518 U.S. 415, 427 (1996). Both the federal Declaratory Judgment Act and its state-based counterparts are procedural in nature. See Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240 (1937) ("The operation of the Declaratory Judgment Act is procedural only."); Utica Lloyd's v. Mitchell, 138 F.3d 208, 210 (5th Cir. 1998) (finding that a state declaratory judgment act was "procedural" rather than "substantive", and was therefore inapplicable in a diversity action). The Third Circuit has therefore acknowledged that "[i]t is settled law that, as a procedural remedy, the federal rules respecting declaratory judgment actions apply in diversity cases." Fed. Kemper Ins. Co. v. Rauscher, 807 F.2d 345 (3d Cir. 1986). Accordingly, "when a declaratory judgment action has been removed to federal court, it is treated as though it had been filed under the federal declaratory judgment act." Krauser v. BioHorizons, Inc., 903 F. Supp. 2d 1337, 1346, n.6 (S.D. Fla. 2012); accord Jones v. Sears Roebuck & Co., 301 F. App'x 276, 281, n.12 (4th Cir. 2008) (while the complaint

expressly invoked the West Virginia Declaratory Judgment Act, the federal Declaratory Judgment Act applied after removal); Haagen-Dazs Shoppe Co. v. Born, 897 F. Supp. 122, 126, n.2 (S.D.N.Y. 1995) (where defendants removed a state court declaratory judgment action on the basis of diversity jurisdiction, the court found that "the [federal] Declaratory Judgment Act is procedural under Erie, and therefore must be applied by this Court in determining whether this declaratory judgment action should be stayed or dismissed.")

This Court finds that, because Defendants removed this matter on the basis of diversity jurisdiction, Plaintiffs' claims under the New Jersey Uniform Declaratory Judgment Act have been converted to claims under the federal Declaratory Judgment Act. Defendants' first challenge to the applicability of the Brillhart abstention doctrine is therefore without merit.

      ii.    **The Court cannot remand Plaintiffs' breach of contract claims**

Plaintiffs have not sought to dismiss their declaratory judgment claims in favor of similar claims pending in a state court. Nor have Plaintiffs requested that the Court stay their breach of contract claims pending another court's resolution of the declaratory judgment claims. Indeed, the record reflects that there is no other action dealing with the insurance coverage disputes at issue here. (ECF No. 6-1 at 6-7; ECF No. 14 at 8-9; ECF No. 15 at 6, 8-9). Plaintiffs instead contend that the District Court may, under Brillhart, simply decline to entertain any of their causes of action, as Plaintiffs' claims for monetary damages are intertwined with and dependent on their declaratory judgment claims. (Pl. Reply, ECF No. 16, at 6-8). This Court disagrees.

Plaintiffs' argument ignores basic tenets of federal abstention law, which the Supreme Court summarized in Quackenbush v. Allstate Ins. Co., 517 U.S. 706 (1996). While Quackenbush concerned a request for abstention under Burford v. Sun Oil Co., 319 U.S. 315

(1943)[1] and not Brillhart, the Supreme Court's thorough, general discussion of abstention principles is equally applicable here.

In Quackenbush, the Supreme Court recognized that "the authority of a federal court to abstain from exercising its jurisdiction extends to all cases in which the court has discretion to grant or deny relief", 517 U.S at 718, and acknowledged that it had "not previously addressed whether the principles underlying our abstention cases would support the remand or dismissal of a common-law action for damages." Id. at 719. In summarizing the abstention principles developed in its previous decisions and, in particular, the disparate treatment afforded claims for discretionary relief and claims for damages under that precedent, the Court stated:

> [I]n cases where the relief being sought is equitable in nature or otherwise discretionary, federal courts not only have the power to stay the action based on abstention principles, but can also, in otherwise appropriate circumstances, decline to exercise jurisdiction altogether by either dismissing the suit or remanding it to state court. By contrast, while we have held that federal courts may stay actions for damages based on abstention principles, we have not held that those principles support the outright dismissal or remand of damages actions.

Id. at 721. The Court ultimately concluded that "federal courts have the power to dismiss or remand cases based on abstention principles only where the relief being sought is equitable or otherwise discretionary", and found that the District Court's abstention-based remand order was inappropriate in a damages action. Id. at 731.

Here, Plaintiffs have alleged causes of action seeking, among other things, damages for breach of contract in addition to their declaratory judgment claims. (Compl, ECF No. 1-2 at 15-25). Plaintiffs nevertheless contend that an abstention-based remand is appropriate here because "each of the breach of contract and apportionment claims hinges upon the declaratory judgment

---

[1] Under Burford, "a federal court abstains where a case involves difficult state law questions implicating important state policy problems which transcend that particular case." Terra Nova Ins. Co. v. 900 Bar, 887 F.2d 1213, 1222, n.9 (3d Cir. 1989).

claims." (Pl. Reply Br., ECF No. 16, at 8). Plaintiffs have not cited any authority supporting such a radical departure from the principles that the Supreme Court described in Quackenbush. Indeed, none of the cases Plaintiffs cite with regard to their argument, (id. at 7-8), support the idea that a District Court may dismiss or remand an otherwise jurisdictionally appropriate, non-duplicative[2] legal claim on abstention grounds. To the contrary, each of those cases actually follows the Quackenbush principles.

First, Plaintiffs cite Judge Walls' decision in Franklin Commons East P'ship v. Abex Corp., 997 F.Supp. 585 (D.N.J. 1998), as an example of a court applying Brillhart abstention in a case involving claims for both declaratory relief and damages for bad faith breach of contract. (Pl. Reply Br., ECF No. 16, at 7). In Abex Corp., however, Judge Walls simply applied Brillhart to stay the case while a California court considered an identical declaratory judgment action. 997 F. Supp. at 592-93. His Honor did not dismiss, remand or otherwise decline jurisdiction over the claims for damages. The Abex Corp. decision is, therefore, directly in line with Quackenbush. See 517 U.S. at 721 ("[W]e have held that federal courts may stay actions for damages based on abstention principles."). As Plaintiffs here do not seek a stay, their reliance on Abex Corp is misplaced.

Plaintiffs next cite Hartford Ins. Co. of the Southeast v. Stead, 848 F Supp. 2d 506 (M.D. Pa 2012), where the court declined jurisdiction over an action for a declaratory judgment, despite the fact that the claimant also sought injunctive relief, because "the injunctive relief sought . . .

---

[2] The Court recognizes that, under the Supreme Court's decision in Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976), and in rare instances where truly "exceptional circumstances" exist, a district court may abstain from adjudicating a federal case that is entirely duplicative of a pending state court matter. See, e.g., Trent v. Dial Medical, 33 F.3d 217, 223-24 (3d Cir. 1994). As noted above, the insurance coverage dispute at issue here is not the subject of any other litigation. Colorado River abstention is, therefore, facially inapplicable.

hinge[d] from the requested declaratory relief." Id. at 513. Similarly, Plaintiffs cite Royal Indem. Co. v. Apex Oil Co., 511 F.3d 788 (8th Cir. 2008), where the United States Court of Appeals for the Eighth Circuit affirmed, in part, the district court's decision to abstain from adjudicating either the multiple claims for declaratory relief at issue or the related, equitable claims for "equitable contribution, subrogation[3] and/or unjust enrichment.[4]" Id. at 793-94, 797-78. Both Stead and Royal Indem Co. involved situations "where the relief being sought [was] equitable or otherwise discretionary" and the Supreme Court has expressly stated that such claims are subject to an abstention-based remand or dismissal. Quackenbush, 517 U.S. at 731. As neither Stead nor Royal Indem. Co. involved the sort of common law action for contract damages at issue here, those cases do not support Plaintiffs' motion to remand.[5]

Finally, Plaintiffs cite Perelman v. Perelman, 688 F. Supp. 2d 367 (E.D. Pa 2010), in which a litigant asserted both declaratory judgment and defamation claims, id. at 369, as support for their Brillhart argument. (Pl. Reply, ECF No. 16, at 8). Plaintiffs' reliance on Perelman is, quite frankly, puzzling. In Perelman, the court found that "it ha[d] no discretion to dismiss or stay the plaintiffs' defamation claims", 688 F. Supp. 2d at 369, and that, because the court had no

---

[3] Jorge v. Travelers Indem. Co., 947 F. Supp. 150, 155 (D.N.J. 1996) ("In general, subrogation is an equitable rather than a contractual doctrine applied in the interests of justice when one who is not a volunteer pays an obligation which should be imposed on another.") (citing Pearlman v. Reliance Ins. Co., 371 U.S. 132, 137 n.12, (1962)).

[4] Agostino v. Quest Diagnostics, Inc., No. 04-4362, 2011 U.S. Dist. LEXIS 127904, *26 (D.N.J. Nov. 3, 2011) ("Restitution for unjust enrichment is an equitable remedy, available only when there is no adequate remedy at law.") (citing Dovale v. Marketsource, Inc., No. 05-2872, 2006 U.S. Dist. LEXIS 57679 at *22 (D.N.J. Aug. 17, 2006)).

[5] It bears noting that, in Royal Indem., the Eighth Circuit vacated the District Court's decision to dismiss the claims at issue and remanded the matter with instructions for the District Court to stay the proceedings instead. The Eighth Circuit also specifically noted that, because it was implementing a stay and not a dismissal, it "need not address Royal's argument that in dismissing this lawsuit the district court abused its discretion under Quackenbush." Id. at 798, n.4.

choice but to retain those claims, "dismissing or staying the declaratory claims [would] not save effort, but [would] instead multiply it by ensuring that two separate proceedings necessarily proceed in two separate courts. The interests of judicial economy and the need to avoid piecemeal litigation therefore weigh heavily and dispositively against declining jurisdiction over the declaratory claims." Id. at 379. If anything, the Perelman court's recognition that it lacked authority to dismiss the plaintiffs' defamation claims counsels against remand in this case.

This Court finds that the Supreme Court's guidance in Quackenbush was clear: a district court may not simply dismiss or remand non-discretionary, non-duplicative claims based on abstention principles. 517 U.S. at 721, 731. Plaintiffs have not identified any case law to the contrary. As Plaintiffs have brought non-discretionary common law claims for breach of contract in addition to their declaratory judgment claims, an abstention-based remand would be inappropriate. Brillhart is, therefore, inapplicable here and Plaintiffs' motion should be denied.[6]

## IV. CONCLUSION

Based on the foregoing, this Court recommends that Plaintiffs' motion to remand, (ECF No. 6), be denied and that this matter remain pending in the United States District Court.

_____
Joseph A. Dickson, U.S.M.J.

cc. Honorable Claire C. Cecchi, U.S.D.J.

---

[6] As this Court finds that Brillhart abstention is not applicable here, it is not necessary to analyze whether the "relevant considerations" that the Third Circuit articulated in Summy weigh in favor of abstention.