NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| BCB BANCORP., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> PROGRESSIVE CASUALTY INSURANCE COMPANY, *et al.*, <br><br> Defendants. | Civil Action No.: 13-1261 (CCC) <br><br> OPINION |

**CECCHI, District Judge.**

This matter comes before the Court on Plaintiffs' objections to Magistrate Judge Dickson's Report and Recommendation regarding Plaintiffs' motion to remand. (Docket No. 6.) The Court decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, Judge Dickson's October 8, 2013 Report and Recommendation is **AFFIRMED**, and Plaintiff's motion to remand is **DENIED**.

I. **BACKGROUND**

This litigation arises out of an insurance dispute relating to the merger of two corporations, Pamrapo and BCB Bancorp ("BCB"). Following the merger, two nominal defendants in this case, Keith Kube ("Kube") and David Shaev ("Shaev") filed a putative class action in the Superior Court of New Jersey seeking an injunction preventing the merger, as well as additional remedies. See (Docket No. 6, At 2). Both Pamrapo and BCB's insurance companies (Defendants Progressive Casualty Insurance Company ("Progressive") and Colonial American Casualty and Surety Company ("Colonial"), respectively) have denied coverage for the underlying state court

1

litigation.[1] (Docket No. 6, at 2-3).

Seeking to secure payment under the various policies, Plaintiff BCB (both individually and as successor-in-interest to Pamrapo Bancorp, Inc.) and the individual directors of Pamrapo (collectively "Plaintiffs") filed an action in the Superior Court of New Jersey, Law Division: Hudson County in February 2013. (Docket No. 1). This action seeks a declaration of the rights and responsibilities of the parties as to the insurance policies, and alleges damages claims for breach of contract as well as apportionment and allocation. (Docket No. 6, at 3). Defendant Progressive (with the consent of Colonial) then removed the action to this Court pursuant to 28 U.S.C. § 1441, asserting diversity jurisdiction under 28 U.S.C. § 1332. (Docket No. 1).

Upon removal, Plaintiffs filed the instant motion to remand on March 28, 2013. (Docket No. 6). Although there is no challenge to the propriety of the initial removal to federal court, Plaintiffs argue that: 1) this Court has the discretion to remand this case pursuant to the Supreme Court's decisions in Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491 (1942) and Wilton v. Seven Falls Co., 515 U.S. 277 (1995), as well as the Third Circuit's decision in State Auto Ins. Co. v. Summy, 234 F.3d 131 (3d Cir. 2000), and 2) this Court should exercise that discretion and decline jurisdiction over this matter. Defendants opposed the motion.

On October 8, 2013, Judge Dickson entered his Report and Recommendation. (Docket No. 27). Judge Dickson held first that although Plaintiffs' declaratory judgment action was brought under the New Jersey Uniform Declaratory Judgment Act, the law regarding the federal Declaratory Judgment Act still applied. See (Docket No. 27, at 5).

Next, Judge Dickson found that although Plaintiffs' claims requested declaratory relief, the

---

[1] Plaintiffs do note that Progressive advanced some costs early on in the litigation. (Docket No. 6 at 2). Colonial notes that it has reserved its rights as to coverage for the underlying actions but has informed Plaintiffs that no coverage is available for individual defendants in the underlying litigation. (Docket No. 14, at 4).

2

presence of the claims for damages prevented the Court from exercising Brillhart discretion and abstaining from considering the case. (Docket No. 27, at 6-10). Plaintiffs object to this section of the Report. (Docket No. 28). They argue that Judge Dickson erred in finding that the Court could not decline jurisdiction over Plaintiffs' damages claims. Plaintiffs further argue that this Court can remand this case despite the presence of "mixed" declaratory and damages claims. See (Docket No. 28, at 5-9). Plaintiffs also contend that Magistrate Judge Dickson's Opinion would lead to a lopsided and impractical application of Brillhart and Wilton discretion. (Docket No. 28, at 9-11).

Defendants responded to Plaintiffs' objections, (Docket No. 33), and advance two separate arguments. First, they argue that Brillhart/Wilton abstention does not apply to cases seeking both discretionary (declaratory) and non-discretionary (damages) relief. See (Docket No. 33, at 4-8). They further argue that even if Plaintiffs are correct that this Court has the discretion to remand the case, no basis for abstention exists. See (Docket No. 33, at 9-10).

## II.     STANDARD OF REVIEW

When a Magistrate Judge addresses motions that are considered dispositive, such as a motion to remand, the Magistrate Judge submits a Report and Recommendation to the district court. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72; L. Civ. R. 72.1(a)(2). The district court may then "accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge may also receive further evidence or recommit the matter to the Magistrate Judge with instructions." 28 U.S.C. § 636(b)(1)(C); see also L. Civ. R. 72.1(c)(2). On dispositive motions, the district court must make a *de novo* determination of those portions of the Magistrate Judge's Report and Recommendation to which a litigant has filed objections. 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b); L. Civ. R. 72.1(c)(2); see State Farm Indem. v. Fornaro, 227 F. Supp. 2d 229, 231 (D.N.J. 2002). Unlike an Opinion and Order issued by a

Magistrate Judge on a non-dispositive matter, a Report and Recommendation does not have force of law unless and until the district court enters an order accepting or rejecting it. United Steelworkers of Am. v. N.J. Zinc Co., Inc., 828 F.2d 1001, 1005 (3d Cir. 1987).

### III. DISCUSSION

As a preliminary matter, Magistrate Judge Dickson correctly noted that Plaintiff does not dispute Defendant's proper removal of this matter to the district court under 28 U.S.C. § 1441(a), and that this Court has jurisdiction based on diversity of the parties pursuant to 28 U.S.C. § 1332. (Docket No. 27, at 3). Additionally, Judge Dickson correctly found that Plaintiffs' declaratory judgment claims are properly considered under the Federal Declaratory Judgment Act. (Docket No. 27, at 5-6). Because neither party objected to these two aspects of the Report and Recommendation, the Court need not consider them on review.

Plaintiffs' primarily contend in their objection that Judge Dickson erred in holding that this Court has no basis on which to decline jurisdiction over this matter. The Court disagrees. Plaintiffs do correctly note that the Third Circuit has not set forth a specific standard for determining whether or not Brillhart discretion applies to cases seeking both declaratory and non-declaratory relief. See (Docket No. 28, at 5). However, even though courts have used a variety of tests to answer that same question, the Court here need not adopt any specific test to resolve this motion. Rather, even if the Court were to grant Plaintiffs' argument that Brillhart and Wilton apply to this case, no reason exists to exercise that discretion. Therefore, the Court affirms Judge Dickson's Report and Recommendation, and denies Plaintiff's motion to remand.

#### A. Standards of Discretion

Over the last several decades, the Supreme Court has used different standards to govern whether and when a district court should abstain from deciding a case properly before it.

4

In 1942, the Supreme Court in Brillhart held that for suits brought pursuant to the Federal Declaratory Judgment Act, a district court may decline to exercise jurisdiction over a case properly before it in all other respects. 316 U.S. at 494-95. The central question governing the exercise of this discretion is whether the controversy between the parties "can better be settled" in state court. See Williams v. State Auto Prop. & Cas. Ins. Co., Civ. Action No. 08-4983, 2009 WL 1119502, at *2 (E.D. Pa. Apr. 24, 2009). Such questions usually arise in the context of parallel state and federal proceedings. Although the Brillhart Court did not make parallel state proceedings an explicit requirement of the decision to abstain, it did note that "it would be uneconomical . . . for a federal court to proceed in a declaratory judgment suit where another suit is pending in state court presenting the same issues, not governed by federal law, between the same parties." Brillhart, 316 U.S. at 494.

Despite the apparent breadth of Brillhart, a trial court's discretion to decline jurisdiction was circumscribed by the Supreme Court's decision in Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976). In Colorado River, the Court held that "abstention is an extraordinary and narrow exception to the duty of a district court to adjudicate a controversy properly before it." Id. at 813. Such discretion should be exercised only where remanding the case to state court would serve an important public interest. Id. Despite this general rule, the Court held that where a parallel case exists in state court and "exceptional circumstances" are present, district courts may decline to hear a case in order to advance a general goal of avoiding duplicative litigation. Id. Although the Supreme Court allows abstention in these limited situations, the Court noted that federal courts have a "virtually unflagging obligation" to exercise jurisdiction over cases properly before them. Id. at 817.

After Colorado River, the Supreme Court in Wilton reaffirmed the principle that in

5

declaratory judgment actions with a parallel state proceeding, Brillhart discretion controls rather than Colorado River. 515 U.S. 277. Despite the fact that post-Brillhart decisions had specifically rejected its expansion beyond declaratory judgment claims, the Court reaffirmed Brillhart's relevance and its applicability to claims seeking declaratory relief when the opportunity is present for the "ventilation of the same state law issues." Id. at 283-86. The Court noted that the text of the Declaratory Judgment Act is unique in the discretion it confers, and thus must be read differently than other statutes. Id. at 286-87. However, Wilton specifically declined to address the scope of discretion absent parallel state court proceedings. Reifer v. Westport Ins. Corp., 13-2880, 2014 WL 1674112, at *6 n.10 (3d Cir. Apr. 29, 2014).

It is with the development of this doctrine in mind that the Court now turns to the applicable standard in this case. Were this solely an action for declaratory judgment, there is no question that Brillhart would control and the Court would have the discretion to deny jurisdiction over this matter.

If Colorado River applies, it is evident that the Court has no discretion to abstain from considering this case because, as will be discussed more fully below, the case before this Court does not have the same parties, claims, or causes of action as those involved in the state court action. However, in their complaint, Plaintiffs explicitly seek both declaratory relief and damages. See (Docket No. 1-2). In fact, Plaintiffs seek damages even as part of their claims for declaratory relief. (Docket No. 1-2, at 15-25). Neither the Supreme Court nor the Third Circuit has spoken directly on the issue of a district court's ability to abstain from deciding a case with "mixed" claims, especially those without a parallel case in state court. See Reifer, 2014 WL 1674112, at *4 n.10 ("We have never ruled on the legal standard a district court must apply when addressing whether it may decline jurisdiction when both declaratory and legal relief are claimed . . . We need

6

not, however, resolve this issue [at present]"); Perelman v. Perelman, 688 F. Supp. 2d. 367, 374 (E.D. Pa. 2010). Other Circuits, as well as some courts within this Circuit, have adopted varying standards for how to address these cases.[2] Because the Third Circuit has not spoken on this issue, and because application of a test regarding mixed declaratory/coercive claims is not necessary in order to decide this motion, this Court declines to adopt any of the tests used by other courts. Rather, even were the Court to grant Plaintiffs' argument that the Brillhart and Wilton standards control, abstention is not proper in this case.

### B. Application of the Brillhart Standard

Rather than attempt to discern a proper test from unclear law, this Court finds that even assuming *arguendo* that Plaintiffs' claims are sufficiently declaratory to invoke Brillhart discretion, no reason exists for the Court to exercise that discretion and abstain from deciding the instant case. Under Brillhart and Wilton, courts must consider a variety of factors to determine

---

[2] Both the Second and Fifth Circuits have adopted a bright line approach to "mixed" claims. If an action seeking a declaratory judgment contains any non-frivolous claim for coercive relief, the Brillhart doctrine cannot apply and the Colorado River doctrine controls. See New England Ins. Co. v. Barnett, 561 F.3d 392, 395 (5th Cir. 2009); Vill. Of Westfield v. Welch's, 170 F.3d 116, 125 n.5 (2d Cir. 1999). The Tenth Circuit has also agreed with this approach in *dicta*. See United States v. City of Las Cruces, 289 F.3d 1170, 1181-82 (10th Cir. 2002). In a second approach, the Fourth Circuit has held that when a declaratory judgment claim is joined with a coercive claim, the Court has no ability to decline jurisdiction over the damages claims. See Great Am. Ins. Co. v. Gross, 468 F.3d 199, 211 (4th Cir. 2006). However, in some limited cases, the Courts following this approach allow discretion over the remaining declaratory claims. Id. In contrast to other Circuits, the Seventh and Ninth Circuits have adopted a more moderate test. In these Circuits, the Court determines whether the coercive claims are "independent" of those for declaratory relief. See R.R. St. & Co. v. Vulcan Materials Co., 569 F.3d 711, 715-16 (7th Cir. 2009); Snodgrass v. Provident Life & Accident Ins. Co., 147 F.3d 1163, 1167-68 (9th Cir. 1998). A claim is independent if the claim, by itself, would be sufficient to invoke the Court's subject matter jurisdiction and can be adjudicated without the requested declaratory relief. Id. If there are independent claims, then as a general rule the Court should retain jurisdiction over the entire case. On the other hand, if the coercive claims are necessarily dependent on the adjudication of the declaratory claims, the district court retains the discretion to dismiss the entire matter. Id. Finally, the Eight Circuit and several district courts have adopted what has become known as the "heart of the matter" test. Under this test, a court looks to determine whether the central questions in the case revolve around the declaratory claims or the coercive damages claims. See Perelman, 688 F. Supp. 2d. at 374 (describing the standards); see also ITT Indus., Inc. v. Pac. Emp'rs Ins. Co., 427 F. Supp. 2d 552, 556 (E.D. Pa. 2006). If the "heart" of the matter is coercive, then Colorado River applies. If the "heart" is declaratory, then Brillhart and its far more lenient standard applies. See Coltec Indus. Inc. v. Continental Ins. Co., No. Civ. A. 04-5718, 2005 WL 1126951, at *2 (E.D.Pa.2005).

whether the issues in the case may be better litigated in state court. See Brillhart, 316 U.S. at 495 (discussing the central inquiry in declaratory judgment cases but explicitly declining to adopt specific factors that must be considered by the court). Recently, in Reifer v. Westport Ins. Co., the Third Circuit set forth a variety of non-exhaustive factors to be considered by courts addressing discretionary questions under the declaratory judgment act. Reifer, 2014 WL 1674112, at *11-12. Building on prior case law, including the insurance specific factors set out in Summy,[3] the Reifer Court stated that the district court should consider, where relevant

> (1) The likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy;
> (2) the convenience of the parties;
> (3) the public interest in settlement of the uncertainty of obligation;
> (4) the availability and relative convenience of other remedies;
> (5) a general policy of restraint when the same issues are pending in state court;
> (6) avoidance of duplicative litigation;
> (7) prevention of the use of the declaratory action as a method of procedural fencing or as a means to provide another forum in a race for *res judicata*; and
> (8) (in the insurance context), an inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion.

Id. at *11-12. Examining these factors, it is clear that abstention is not warranted in this case.

### 1. Likelihood That A Federal Court Declaration Will Resolve the Uncertainty of Obligation Which Gave Rise to the Controversy

Turning to the first factor, it is clear that a declaration or judgment from this Court will

---

[3] In Summy, the Third Circuit enumerated specific factors to be considered by the Court when applying Brillhart discretion to insurance coverage cases. These factors are:
    1) a general policy of restraint when the same issues are pending in a state court,
    2) an inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize the suit in federal court as falling within the scope of a policy exclusion, and
    3) the avoidance of duplicative litigation.
234 F.3d at 134. Additionally, the Court noted that district courts must be hesitant to exercise jurisdiction over declaratory judgment actions when state law is unsettled. Id. at 135.

have full force and ability to determine any and all obligations of the parties under the existing contracts. No litigation or factors outside the scope of the specific claims before this Court are needed to make a proper determination of the rights and responsibilities of the parties here. Therefore, this factor weighs in favor of a retention of jurisdiction.

### 2. Convenience of the Parties

Plaintiffs argue it is more convenient for the parties to litigate this case in New Jersey Superior Court. While it may often be true that the existence of an underlying case in state court[4] or the presence of one judge presiding over multiple cases with some overlap of parties may lead to increased convenience for the parties, that argument is insufficient to require remand in this case. First, as discussed below, the absence of similar parties or issues to be decided in the state derivative suit leads to the conclusion that the presence of one judge presiding over that matter and this case will not yield any true increased convenience or efficiency. Second, it should be noted that on May 19, 2014, Plaintiffs' counsel informed the Court that the underlying state class action suit for which Plaintiffs' seek coverage had been settled. See Docket No. 41. The termination of this state law suit nullifies any increase in convenience that might otherwise be present based on multiple cases proceeding before the same judge. Finally, both this Court and Judge Dickson have thoroughly considered the arguments presented on the instant motion, and are both familiar with the factual and legal backgrounds of this matter. Because of this Court's familiarity with the issues of this case, any increase in judicial efficiency that might be achieved by remand to state court is significantly minimized, and remand would only serve to require a different court to redouble the efforts of the district court. Accord, Reifer, 2014 WL 1674112, at *15 n.25 (noting that the significant time and expense of litigating removal issues in district court weigh against an exercise

---

[4] The following section addresses the question of whether the state action in this case qualifies as a "parallel" state action under the case law.

9

of discretion based on "considerations of practicality and wise judicial administration") Quoting Wilton, 515 U.S. at 288. Therefore, the Court finds that this factor does not weigh heavily in favor of this Court declining jurisdiction, especially absent other factors weighing in favor of remand.

### 3. A General Policy of Restraint When the Same Issues Are Pending in State Court

The general policy of restraint promulgated by the Third Circuit in Reifer and Summy does not and cannot override the Court's duty to exercise jurisdiction over cases properly before it. This policy centers on an aversion of the federal courts to deciding matters "when the same issues are pending in a state court." Summy, 234 F.3d at 134. Here, there are no similar actions pending in state court, let alone parallel actions as defined by the courts.

Under a Colorado River analysis, a parallel state action is one involving the same parties and substantially identical claims, raising nearly identical allegations and issues, none of which are present here. See IFC Interconsult, 438 F.3d 298, 306 (3d Cir. 2006). Wilton has a broader standard, finding actions to be sufficiently parallel if they allow for the "ventilation" of the same issues in state court. See Stars Ins. Co. v. Treibles Wrecher Serv. Inc., 12-CV-47, 2013 WL 5603578, at *4 (M.D. Pa. Oct. 11, 2013). No sufficient similarities exist here.

In this case, there is no identity of parties or issues. Plaintiffs' have advised the Court that the underlying state court action has settled. See Docket No. 41. However, even if that case were to continue, Defendants are uninvolved in that case. Moreover, the two cases present entirely separate legal and factual issues, and the outcome of the underlying action has no bearing on this matter. Plaintiffs have provided no evidence that the determination of whether they breached their fiduciary duty has any relevance to whether they are properly covered under the contracts in question here. While the state shareholder action is one for breach of a fiduciary duty against the individual board members, this case is a simple contract dispute regarding an insurance policy and

its terms. Thus, this case provides no opportunity for the ventilation of the same issues. That the facts of the state court case give rise to the facts of this case is insufficient to warrant restraint from this Court in determining the legal issues properly before it. Therefore, disparity of parties, issues, and legal questions between this action and the underlying state suit, while not dispositive, weigh against this Court declining jurisdiction over this case.

Plaintiffs correctly note in their argument that a parallel state action is not absolutely required for this Court to exercise Brillhart discretion and decline to hear this case. See Reifer, 2014 WL 1674112, at *11 ("it is not a *per se* abuse of discretion for a court to decline to exercise jurisdiction when pending parallel state proceedings do not exist"); Atl. Mutual Ins. Co. v. Gula, 84 F. App'x 173, 174-75 (3d Cir. 2003). Rather, the Third Circuit has determined that although the presence of a parallel state action is one factor to be considered in determining whether a court should exercise discretion, it is a factor that must be given increased emphasis. Reifer, 2014 WL 1674112, at *11 (collecting cases from other circuits and noting that "the absence of pending parallel state proceedings militates significantly in favor of exercising jurisdiction" unless outweighed by other factors). Thus, although the absence of a parallel proceeding might not by itself preclude a denial of jurisdiction, when combined with a lack of countervailing state interest, it weighs heavily against this Court abstaining from this matter.

### 4. Avoidance of Duplicative Litigation

The fifth Reifer (and third Summy) factor is the avoidance of duplicative litigation. Any risk of unnecessary or repetitive litigation in this case is obviated by the lack of similarity between the two cases. The shareholder action in state court provides nothing more than a factual predicate for this matter. At best, remand in this case would relieve this Court of the need to further familiarize itself with the factual background of this case, as it would centralize the suits before

the same judge. Any judicial efficiency gained by such an action would be minimal, and is wholly insufficient to justify this Court taking the unusual step of declining to exercise jurisdiction over the case properly before it.

### 5. An Inherent Conflict of Interest Between an Insurer's Duty To Defend In State Court And Its Attempt To Characterize That Suit In Federal Court As Falling Within The Scope Of A Policy Exclusion

This factor, included in both Reifer and Summy, is inapplicable to the instant action. Both contracts in question in this case explicitly state that the insured is responsible for the defense of any action. See (Docket No. 15, at 13). Moreover, this case, where Plaintiffs seek a declaration and damages regarding their coverage, is different from many in this area of the law where an insurance company seeks a declaration in order to avoid its obligations on an underlying state court action. See Snodgrass v. Provident Life & Accident Ins. Co., 147 F.3d 1163, 1167 (9th Cir. 1998). As noted above, no claims or issues in the underlying case would have any effect on the bases of coverage at issue in this litigation. Therefore, this factor is inapplicable and cannot weigh in favor of remand.

### 6. Other Factors

As the Reifer Court noted, the list of factors to be considered is non-exhaustive. Reifer, 2014 WL 1674112, at *11-12. Beyond the factors from Reifer and Summy discussed above, this Court finds two other areas worthy of note in this case.

Beyond the specific factors to be considered by the Court in the insurance context, the Court noted that federal courts should hesitate to adjudicate declaratory judgment cases where the state law is close or unsettled. Summy, 234 F.3d at 134-35. Specifically, the Court in Summy referred to cases where the state courts had issued decisions on both sides of an issue. Id. at 135. Other cases have applied Summy where there was an inherent tension in the law over the proper

approach to the case. See Westport Ins. Co. v. Crum & Forster, No. Civ. 00-406, 2001 WL 274328, at *4-5, (D.N.J. Mar. 19, 2001) (Court found the state law to be sufficiently unsettled where the New Jersey Supreme Court's determination of the law appeared to conflict with well settled contractual interpretation principles). Plaintiffs have presented no evidence that a tension exists within New Jersey as to how to interpret the disputed terms of the contract. Rather, they argue that remand is appropriate because no New Jersey court has "vetted" these issues. See (Docket No. 16, at 11). However, an absence of law is far less problematic than the "unsettled" law discussed in Summy.

The mere fact that no state court has specifically ruled on the issue before this Court does not mean that the state law is so unsettled that this Court should abstain from deciding this case. District courts are routinely called upon to interpret contracts under state law. Curtiss-Wright Corp v. CNA Fin. Corp., Civ. Action No. 11-4416, 2012 WL 1044493, at *7 (D.N.J. Mar. 28, 2012) report and recommendation adopted and affirmed Curtiss-Wright Corp. v. CNA Fin. Corp. 2012 WL 1046536 (D.N.J. Mar. 28, 2012). Moreover, the Supreme Court has long held that a district court should not decline jurisdiction over a case properly before it simply because the state law is unclear. Meredith v. Winter Haven, 320 U.S. 228, 234-35 (1943); Empire Fire & Marine Ins. Co. v. Bennett, 2006 WL 932176, at *1 (D.N.J. Apr. 10, 2006). Such a ruling would undermine the very basis of diversity jurisdiction. See Winter Haven, 320 U.S. at 234-35. Finally, this concern is lessened in the present case because although state law insurance issues have "no special call on the federal forum," Summy, 234 F.3d at 136, there is no strong state interest at stake where the issue before the Court is merely one of contractual interpretation.[5] United Capitol Ins. Co. v.

---

[5] The Third Circuit noted in Reifer that this specific Summy language should not be read extensively, noting that "Summy's holding specifically turned on considerations relevant to the pending state court suit. Reifer, 2014 WL 1674112, at *13.

13

Kapiloff, 155 F.3d 488, 494 (4th Cir. 1998) (finding that state interests were not particularly strong, and that in issues of contractual interpretation, "a federal court would be unlikely to break new ground or be faced with novel issues of state interest"). Absent a strong state interest, the concerns of federal overreach in the declaratory judgment context underlying Brillhart and Wilton are largely nullified. Plaintiffs have made no argument that conflicting decisions or inherent policy tensions create any issue for this Court other than basic state law contract interpretation, something the Court is often called upon to do and is entirely capable of doing. Therefore, the nature of the state law on this issue presents no barrier to this Court's exercise of jurisdiction over this case.

A final factor that should be considered in determining whether to exercise its jurisdiction is the existence of non-declaratory claims in this action. As noted above, in many courts around the United States, this fact by itself would be sufficient to preclude any discussion of abstention. Although the mixed causes of action in the Complaint may not absolutely prevent remand as a matter of law, they undermine Plaintiffs' arguments for remand. Central to both Brillhart and Wilton is the idea that cases arising in the declaratory judgment context are categorically different from other suits typically brought in federal court. See Raia v. Travelers Auto Ins. Co. of New Jersey, Civ. Action No. 12-4366, 2012 WL 5200062, at *3 (D.N.J. Oct. 3, 2012) ("The Court in Wilton repeatedly and forcefully emphasized that their holding stemmed from the particularities of the Declaratory Judgment Act") report and recommendation adopted, 2012 WL 5214400 (D.N.J. Oct. 19, 2012). This difference, and the policies inherent in the Declaratory Judgment Act are what allow district courts to remand such cases. Even if Plaintiffs' damages claims are not a bar to discretion as a matter of law, the same concerns that give rise to the standards utilized by courts nationwide cannot be wholly ignored in applying Brillhart. To do so would completely undermine not only Colorado River, but the entire line of precedent making it clear that outside of

the strict declaratory judgment context, abstention by the district court is an extraordinary remedy not to be taken lightly. <u>See, e.g.</u>, <u>Quackenbush v. Allstate Ins. Co.</u>, 517 U.S. 706 (1996) (allowing district courts to decline jurisdiction when the relief sought is equitable or discretionary, but holding that courts have no such discretion when damages are sought). All of Plaintiffs' requests for monetary relief, including those attached to the request for declaratory relief, necessarily detract from the need for the Court to accord special weight to the declaratory nature of the suit, which might in other circumstances merit abstention. Therefore, at minimum, a party seeking declaratory relief alongside coercive relief must do more to demonstrate the necessity of remand than a party seeking solely declaratory relief. In this case, Plaintiff has failed to satisfy even the most rudimentary <u>Summy</u> and <u>Reifer</u> standards for remand. That fact, combined with the other factors discussed and the significant damages sought in Plaintiffs' complaint necessitate that the Court maintain jurisdiction over this matter.

## IV.   <u>CONCLUSION</u>

Because Plaintiffs seek significant damages in addition to declaratory relief, no action constituting a parallel state proceeding exists, the factors set forth by the Third Circuit in <u>Reifer</u> weigh heavily in favor of federal retention of this matter, and because Plaintiffs have provided no significant reason why abstention is necessary, the Court finds that no discretionary abstention under <u>Brillhart</u> is warranted. The Report and Recommendation of Magistrate Judge Dickson is **AFFIRMED**, and Plaintiff's Motion to Remand is **DENIED**. An appropriate Order accompanies this Opinion.

*/s/ Claire C. Cecchi*
Claire C. Cecchi
United States District Judge